# ADDENDUM

## TABLE OF CONTENTS

Federal Rule of Criminal Procedure, Rule 6 ........ A1

Federal Rule of Criminal Procedure, Rule 17 ........ A6

**Federal Rule of Criminal Procedure 6**

**Rule 6. The Grand Jury**

(a) SUMMONING A GRAND JURY.

(1) *In General.* When the public interest so requires, the court must order that one or more grand juries be summoned. A grand jury must have 16 to 23 members, and the court must order that enough legally qualified persons be summoned to meet this requirement.

(2) *Alternate Jurors.* When a grand jury is selected, the court may also select alternate jurors. Alternate jurors must have the same qualifications and be selected in the same manner as any other juror. Alternate jurors replace jurors in the same sequence in which the alternates were selected. An alternate juror who replaces a juror is subject to the same challenges, takes the same oath, and has the same authority as the other jurors.

(b) OBJECTION TO THE GRAND JURY OR TO A GRAND JUROR.

(1) *Challenges.* Either the government or a defendant may challenge the grand jury on the ground that it was not lawfully drawn, summoned, or selected, and may challenge an individual juror on the ground that the juror is not legally qualified.

(2) *Motion to Dismiss an Indictment.* A party may move to dismiss the indictment based on an objection to the grand jury or on an individual juror's lack of legal qualification, unless the court has previously ruled on the same objection under Rule 6(b)(1). The motion to dismiss is governed by 28 U.S.C. §1867 (e). The court must not dismiss the indictment on the ground that a grand juror was not legally qualified if the record shows that at least 12 qualified jurors concurred in the indictment.

(c) FOREPERSON AND DEPUTY FOREPERSON. The court will appoint one juror as the foreperson and another as the deputy foreperson. In the foreperson's absence, the deputy foreperson will act as the foreperson. The foreperson may administer oaths and affirmations and will sign all indictments. The foreperson—or another juror designated by the foreperson—will record the number of jurors concurring in every indictment and will file the record with the clerk, but the record may not be made public unless the court so orders.

(d) WHO MAY BE PRESENT.

(1) *While the Grand Jury Is in Session.* The following persons may be present while the grand jury is in session: attorneys for the government, the witness being questioned, interpreters when needed, and a court reporter or an operator of a recording device.

(2) *During Deliberations and Voting.* No person other than the jurors, and any interpreter needed to assist a hearing-impaired or speech-impaired juror, may be present while the grand jury is deliberating or voting.

(e) RECORDING AND DISCLOSING THE PROCEEDINGS.

(1) *Recording the Proceedings.* Except while the grand jury is deliberating or voting, all proceedings must be recorded by a court reporter or by a suitable recording device. But the validity of a prosecution is not affected by the unintentional failure to make a recording. Unless the court orders otherwise, an attorney for the government will retain control of the recording, the reporter's notes, and any transcript prepared from those notes.

(2) *Secrecy.*

(A) No obligation of secrecy may be imposed on any person except in accordance with Rule 6(e)(2)(B).

(B) Unless these rules provide otherwise, the following persons must not disclose a matter occurring before the grand jury:

(i) a grand juror;

(ii) an interpreter;

(iii) a court reporter;

(iv) an operator of a recording device;

(v) a person who transcribes recorded testimony;

(vi) an attorney for the government; or

(vii) a person to whom disclosure is made under Rule 6(e)(3)(A)(ii) or (iii).

(3) *Exceptions.*

(A) Disclosure of a grand-jury matter—other than the grand jury's deliberations or any grand juror's vote—may be made to:

(i) an attorney for the government for use in performing that attorney's duty;

(ii) any government personnel—including those of a state, state subdivision, Indian tribe, or foreign government—that an attorney for the government considers necessary to assist in performing that attorney's duty to enforce federal criminal law; or

(iii) a person authorized by 18 U.S.C. §3322.

(B) A person to whom information is disclosed under Rule 6(e)(3)(A)(ii) may use that information only to assist an attorney for the government in performing that attorney's duty to enforce federal criminal law. An attorney for the government must promptly provide the court that impaneled the grand jury with the names of all persons to whom a disclosure has been made, and must certify that the attorney has advised those persons of their obligation of secrecy under this rule.

(C) An attorney for the government may disclose any grand-jury matter to another federal grand jury.

(D) An attorney for the government may disclose any grand-jury matter involving foreign intelligence, counterintelligence (as defined in 50 U.S.C. 3003), or foreign intelligence information (as defined in Rule 6(e)(3)(D)(iii)) to any federal law enforcement, intelligence, protective, immigration, national defense, or national security official to assist the official receiving the information in the performance of that official's duties. An attorney for the government may also disclose any grand-jury matter involving, within the United States or elsewhere, a threat of attack or other grave hostile acts of a foreign power or its agent, a threat of domestic or international sabotage or terrorism, or clandestine intelligence gathering activities by an intelligence service or network of a foreign power or by its agent, to any appropriate federal, state, state subdivision, Indian tribal, or foreign government official, for the purpose of preventing or responding to such threat or activities.

(i) Any official who receives information under Rule 6(e)(3)(D) may use the information only as necessary in the conduct of that person's official duties subject to any limitations on the unauthorized disclosure of such information. Any state, state subdivision, Indian tribal, or foreign government official who receives information under Rule 6(e)(3)(D) may use the information only in a manner consistent with any guidelines issued by the Attorney General and the Director of National Intelligence.

(ii) Within a reasonable time after disclosure is made underRule 6(e)(3)(D), an attorney for the government must file, under seal, a notice with the court in the district where the grand jury convened stating that such information was disclosed and the departments, agencies, or entities to which the disclosure was made.

(iii) As used in Rule 6(e)(3)(D), the term "foreign intelligence information" means:

(a) information, whether or not it concerns a United States person, that relates to the ability of the United States to protect against—

• actual or potential attack or other grave hostile acts of a foreign power or its agent;

• sabotage or international terrorism by a foreign power or its agent; or

• clandestine intelligence activities by an intelligence service or network of a foreign power or by its agent; or

(b) information, whether or not it concerns a United States person, with respect to a foreign power or foreign territory that relates to—

• the national defense or the security of the United States; or

• the conduct of the foreign affairs of the United States.

(E) The court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter:

(i) preliminarily to or in connection with a judicial proceeding;

(ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury;

(iii) at the request of the government, when sought by a foreign court or prosecutor for use in an official criminal investigation;

(iv) at the request of the government if it shows that the matter may disclose a violation of State, Indian tribal, or foreign criminal law, as long as the disclosure is to an appropriate state, state-subdivision, Indian tribal, or foreign government official for the purpose of enforcing that law; or

(v) at the request of the government if it shows that the matter may disclose a violation of military criminal law under the Uniform Code of Military Justice, as long as the disclosure is to an appropriate military official for the purpose of enforcing that law.

(F) A petition to disclose a grand-jury matter under Rule 6(e)(3)(E)(i) must be filed in the district where the grand jury convened. Unless the hearing is ex parte—as it may be when the government is the petitioner—the petitioner must serve the petition on, and the court must afford a reasonable opportunity to appear and be heard to:

(i) an attorney for the government;

(ii) the parties to the judicial proceeding; and

(iii) any other person whom the court may designate.

(G) If the petition to disclose arises out of a judicial proceeding in another district, the petitioned court must transfer the petition to the other court unless

the petitioned court can reasonably determine whether disclosure is proper. If the petitioned court decides to transfer, it must send to the transferee court the material sought to be disclosed, if feasible, and a written evaluation of the need for continued grand-jury secrecy. The transferee court must afford those persons identified in Rule 6(e)(3)(F) a reasonable opportunity to appear and be heard.

(4) *Sealed Indictment.* The magistrate judge to whom an indictment is returned may direct that the indictment be kept secret until the defendant is in custody or has been released pending trial. The clerk must then seal the indictment, and no person may disclose the indictment's existence except as necessary to issue or execute a warrant or summons.

(5) *Closed Hearing.* Subject to any right to an open hearing in a contempt proceeding, the court must close any hearing to the extent necessary to prevent disclosure of a matter occurring before a grand jury.

(6) *Sealed Records.* Records, orders, and subpoenas relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury.

(7) *Contempt.* A knowing violation of Rule 6, or of any guidelines jointly issued by the Attorney General and the Director of National Intelligence under Rule 6, may be punished as a contempt of court.

(f) INDICTMENT AND RETURN. A grand jury may indict only if at least 12 jurors concur. The grand jury—or its foreperson or deputy foreperson—must return the indictment to a magistrate judge in open court. To avoid unnecessary cost or delay, the magistrate judge may take the return by video teleconference from the court where the grand jury sits. If a complaint or information is pending against the defendant and 12 jurors do not concur in the indictment, the foreperson must promptly and in writing report the lack of concurrence to the magistrate judge.

(g) DISCHARGING THE GRAND JURY. A grand jury must serve until the court discharges it, but it may serve more than 18 months only if the court, having determined that an extension is in the public interest, extends the grand jury's service. An extension may be granted for no more than 6 months, except as otherwise provided by statute.

(h) EXCUSING A JUROR. At any time, for good cause, the court may excuse a juror either temporarily or permanently, and if permanently, the court may impanel an alternate juror in place of the excused juror.

(i) "INDIAN TRIBE" DEFINED. "Indian tribe" means an Indian tribe recognized by the Secretary of the Interior on a list published in the Federal Register under 25 U.S.C. §479a–1.

**Federal Rule of Criminal Procedure 17**

**Rule 17. Subpoena**

(a) CONTENT. A subpoena must state the court's name and the title of the proceeding, include the seal of the court, and command the witness to attend and testify at the time and place the subpoena specifies. The clerk must issue a blank subpoena—signed and sealed—to the party requesting it, and that party must fill in the blanks before the subpoena is served.

(b) DEFENDANT UNABLE TO PAY. Upon a defendant's ex parte application, the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense. If the court orders a subpoena to be issued, the process costs and witness fees will be paid in the same manner as those paid for witnesses the government subpoenas.

(c) PRODUCING DOCUMENTS AND OBJECTS.

(1) *In General.* A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

(2) *Quashing or Modifying the Subpoena.* On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

(3) *Subpoena for Personal or Confidential Information About a Victim.* After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

(d) SERVICE. A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

(e) PLACE OF SERVICE.

(1) *In the United States.* A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

(2) *In a Foreign Country*. If the witness is in a foreign country, 28 U.S.C. §1783 governs the subpoena's service.

(f) ISSUING A DEPOSITION SUBPOENA.

(1) *Issuance*. A court order to take a deposition authorizes the clerk in the district where the deposition is to be taken to issue a subpoena for any witness named or described in the order.

(2) *Place*. After considering the convenience of the witness and the parties, the court may order—and the subpoena may require—the witness to appear anywhere the court designates.

(g) CONTEMPT. The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. §636(e).

(h) INFORMATION NOT SUBJECT TO A SUBPOENA. No party may subpoena a statement of a witness or of a prospective witness under this rule. Rule 26.2 governs the production of the statement.